IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. CR-15-126-C |
| TONYA A. GUM, a/k/a "Carmen," a/k/a "Lisa," TRUNG N. DUONG, WILLIAM M. BAKER, and CURTIS A. ANTHONY, | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Defendants Duong and Baker seek dismissal of the Indictment. Defendants argue that the statute under which they are charged, 18 U.S.C. § 1591, does not apply to those who are the purchasers of the sex act; rather, it only applies to the buyer or seller of human beings within the hierarchy of a human trafficking scheme. In support of their argument, Defendants rely upon United States v. Bonestroo, Case No. CR 11-40016-01-KES, 2012 WL 13704, at 4 (D. S.D. Jan. 4, 2012), where the district court for the Southern District of South Dakota held that the language and design of the statute indicates it is made to punish only those who are providers or pimps of children, not the purchasers or johns. However, as Plaintiff notes in its response brief, the Eighth Circuit reversed this decision in United States v. Jungers, 702 F.3d 1066 (8th Cir. 2013). In reversing, the Eighth Circuit noted:

> The unambiguous text of § 1591 makes no distinction between suppliers and purchasers of commercial sex acts with children, and the defendants have failed to persuade us Congress intended a supplier-only limitation or a purchaser exception in § 1591 that Congress never stated. We hold § 1591 applies to a purchaser of commercial sex acts who violates the statute's terms.

Id. at 1075.

After review of the language of the statute, the Court finds the reasoning of the Eighth Circuit persuasive and holds that § 1591 reaches the conduct with which Defendants are charged. Therefore, Defendants' argument that they are not within the scope of § 1591 is rejected.

Defendants argue that if the Court finds they are within the reach of § 1591, the Court must consider whether the statute is unconstitutionally vague. In support of this argument Defendants note that Congress amended the statute in 2014 and there are varying judicial interpretations of the statute. According to Defendants, these facts render § 1591 void as vague and application of it to them would violate their Fifth Amendment right to due process.

A statute is void on vagueness grounds and therefore runs afoul of the Due Process Clause only where it "'fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement.'" Holder v. Humanitarian Law Project, 561 U.S. 1, 18 (2010) (quoting United States v. Williams, 553 U.S. 285, 304 (2008)). The Court finds no merit in Defendants' argument. First of all, there is nothing vague in the statute – the language is clear and it clearly prohibits someone from obtaining a child for a commercial sex act. As Plaintiff notes, the sole case holding that persons in the same position as Defendants were not within the statute's purview was reversed on appeal. Second, the Eighth Circuit has rejected a virtually identical argument in United States v. Cook, 782 F.3d 983 (8th Cir. 2015). There

the defendant argued that a person who purchases sex did not receive adequate notice that he or she would have violated § 1591. Rejecting this, the court stated:

> "when a person does an act that he well knows to be a violation of some law, and when a statute is later interpreted to cover his conduct in a way that does not do violence to the ordinary understanding of the English language, the [Fifth] Amendment is not offended."

Id. at 989 (quoting Knutson v. Brewer, 619 F.2d 747, 750 (8th Cir. 1980)).

Defendants offer no argument or evidence to suggest that they did not know that purchasing sex was not a violation of some law. That they were unaware of the specific reach of § 1591 is not a sufficient basis on which to find the statute unconstitutionally vague. Thus, Defendants' void for vagueness argument must fail.

For the reasons set forth herein, the Motion to Dismiss the Indictment for a Violation of Due Process of Defendants Duong and Baker (Dkt. No. 72) is DENIED.

IT IS SO ORDERED this 9th day of November, 2015.

ROBIN J. CAUTHRON
United States District Judge